IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSICA SUMMERFIELD,

                              Plaintiff,

          v.                                                    OPINION and ORDER

MICHELLE KING,                                                  22-cv-428-jdp
Acting Commissioner of the Social Security
Administration,

                              Defendant.[1]

---

This is an action for judicial review of the Social Security Administration's denial of Jessica Summerfield's application for disability benefits. After the parties stipulated to a remand, Dkt. 14, Summerfield received a favorable decision from the commissioner.

Cody Marvin, counsel for Summerfield, moves for a fee award under 42 U.S.C. § 406(b). Dkt. 24. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). The commissioner award Summerfield $115,558 on past-due benefits, and 25 percent of that award is $28,889.50. Counsel requests approval for the full 25 percent in accordance with his contingency fee agreement. He previously received $20,110.56 in fees under the Equal Access to Justice Act (EAJA) and $7,200 from the commissioner for work performed at the administrative level. All of those fees count toward the 25 percent maximum, but counsel asks

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

the court to subtract the amount awarded by the commissioner, and he represents that he will refund Summerfield his EAJA fees if the court approves the full amount.

In assessing a fee for reasonableness, "a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024).

The court finds no reason to award Marvin less than the full contingent fee amount that he and Summerfield agreed to. Neither Marvin nor the commissioner has objected to the motion, it's undisputed that Marvin is an experienced attorney who achieved good results for his client, and there's no evidence that the effective hourly rate (approximately $225) exceeds that charged by other attorneys in the field. So the court will approve a representative fee in the gross amount of $28,889.50.

ORDER

1. Cody Marvin's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 26, is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $28,889.50.

3. The commissioner has already awarded counsel $7,200 for work at the administrative level, so the commissioner is directed to disburse $21,689.50 to counsel from any of Summerfield's past-due benefits being withheld and in accordance with agency policy.

4. Marvin is directed to promptly refund Summerfield $20,110.56 for the award of EAJA fees.

Entered February 14, 2025.

                    BY THE COURT:

                    /s/

                    _____

                    JAMES D. PETERSON
                    District Judge